UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN RE: UN'QUAIL KENNEDY     Case No. 19-mc-17-pp

**ORDER DENYING REQUEST FOR EXTENSION OF TIME (DKT. NO. 1) AND DISMISSING CASE**

On June 25, 2019, the court received a letter from Un'Quail Kennedy. Dkt. No. 1. Because Mr. Kennedy did not have an open case before the court, the clerk of court opened a miscellaneous case, docketed the letter as a motion for an extension of time and assigned the miscellaneous case to this court. Id.

In his motion, Mr. Kennedy requests an extension of time to file a federal petition for *habeas corpus* relief and explaining that he is searching for "[a]ttorney's to represent [him] pro bono." Id.

A person in state custody has one year to file a petition for *habeas corpus* review in federal court, and that one year begins to "run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). A federal court cannot "extend" that one-year time limit. The question is when the one-year time starts to run, and that depends on what actions the person has taken in his state case. There are cases that discuss when a judgment becomes "final," and that issue can be complicated. It is true that the federal *habeas* statute has "tolling" provisions that exempt certain periods of time from counting toward the one-year limitations period. For example, 28 U.S.C.

1

§2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." Until Mr. Kennedy files a *habeas* petition, however, the court will not be able to tell whether any time has been "tolled" or whether his petition would be barred by the statute of limitations.

The court does not have the authority to extend the deadline for Mr. Kennedy to file his petition. It can advise him only to conduct research into the question of whether his state conviction has become "final" and, if so, when; and then to make sure that he files his *habeas* petition within one year of the date the conviction becomes, or became, final.

The court **ORDERS** that Mr. Kennedy's request is **DENIED.**

The court **ORDERS** that the case is **DISMISSED.**

Dated in Milwaukee, Wisconsin this 28th day of June, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**